IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Dyral R. Kirby, ) | |
| ) | Civil Action No. 8:05-1628-JFA-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Dyral Kirby, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

In January 2003, the plaintiff protectively filed an application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 410-33 (2000) (Tr. 37-40). He alleged he became disabled on October 21, 2001 (R. 38, 51), due to residuals of a back injury (R. 51). His application was denied in initial and reconsidered determinations. (R. 25-28, 31-32.) At the plaintiff's request (R. 19), an administrative hearing was held on October 26, 2004. (R. 177-99.) On February 23, 2005, an

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

Administrative Law Judge (ALJ) issued an unfavorable decision finding that the plaintiff was not disabled because he could perform a reduced range of light work and could perform jobs existing in significant numbers in the national economy. (R. 11-17.) The Appeals Council declined the plaintiff's request to review the ALJ's decision thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review under section 205(g) of the Act (R. 4-6). *See* 20 C.F.R. § 404.981.

## **APPLICABLE LAW**

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. §404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as :

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion

is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

In a single-page brief, the plaintiff contends that the ALJ erred in failing to find him disabled. Specifically, the plaintiff alleges that the ALJ erred in one regard: failing to include in the hypothetical to the vocational expert a limitation to account for the plaintiff's need to self-catheterize during the workday. The Court agrees that the failure to include such a limitation was error but finds such error harmless.

The record indicates that the plaintiff has to self-catheterize to empty his bladder. (R. 104-05, 133-34, 189-90). This fact is not in dispute. Notwithstanding the indisputability of that limitation, the ALJ did not include it in the hypothetical to the vocational expert ("VE"). This failure was error, as a hypothetical question should fairly set out all of the claimant's limitations, as supported by the medical evidence. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). The defendant does not strongly contend otherwise.

Instead, the defendant contends that the error was harmless. The Court agrees that the ALJ's failure to include the limitation may be excused if he would have reached the same result regardless of the omission. *See generally Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming the denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same result notwithstanding his initial error"). Courts have specifically excused such omissions where the VE has had opportunity to otherwise review and consider the limitation. *See, e.g., Cass v. Shalala*, 8 F.3d 552, 556 (7th Cir. 1993) ("When a hypothetical question omits medical evidence from the record of claimant's impairments, but the vocational expert indicates that he reviewed the documentary evidence before making his determination, such omissions do not necessarily create reversible error"); *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th

Cir. 1990) (as vocational expert was present and heard claimant's testimony regarding impairments, the effect of any error in the ALJ's hypothetical question was minimal).

In this case, the plaintiff's counsel questioned the VE in regards to the plaintiff's need to self-catheterize during the workday. Specifically, the plaintiff's counsel asked the VE to include a limitation of a hypothetical person having to spend approximately 30 minutes to self-catheterize, to which the vocational expert responded that it would not eliminate any jobs:

> Q: And obviously then if a person needed to, say, catheterize them self at the job cite, would be out of commission 30 minutes, would that eliminate any of those jobs?
>
> A: It wouldn't eliminate any if you were only talking about purely being away from the work station for 30 minutes out of an eight-hour-day in addition to regular meal and break times, but that assumes that that person would then be working at a relatively high level of efficiency that balance of the time

(R. 198.) Accordingly, even considering the need to self-catheterize during the workday, jobs existed for which the plaintiff could perform, as the ALJ concluded.

The plaintiff argues that the VE actually concluded that no jobs were possible considering such limitation. The plaintiff's contention, however, is a misrepresentation of the VE's testimony, as recited above. Rather, the VE concluded that no work existed, for which the plaintiff could perform, only if the plaintiff required two hours of rest after the catheretization. (*See* R. 198.) The plaintiff, however, has not identified for the Court any evidence of such a limitation and certainly has not demonstrated that the ALJ lacked substantial evidence to dismiss the limitation as unsupported by the record.

As a result, the ALJ's failure to include the limitation of self-catheterization in his hypothetical question was harmless error. The VE testified that the catheterization requirement would not eliminate any of the recommended jobs and, therefore, the plaintiff was not prejudiced by the initial exclusion of that limitation from the ALJ's hypothetical.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks<br>
United States Magistrate Judge

June 14, 2006
Greenville, South Carolina