IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Dyral R. Kirby, ) | |
| ) | C/A No. 8:05-1628-JFA-BHH |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff, Dyral R. Kirby, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for Disability Insurance Benefits ("DIB").

The plaintiff first applied for DIB on October 31, 2002, alleging disability since October 21, 2001 from a lower back injury. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on February 23, 2005. The Appeals Council denied plaintiff's request for review making the ALJ's decision final. The ALJ determined that the plaintiff was not disabled and made the following findings:

1. The claimant has met the insured status requirements for Title II benefits at least through June 2006.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date of October 21, 2001.

3. The medical evidence establishes the claimant has a history of lumbar surgery with residual low back pain, which is a "severe" impairment as defined in the regulations, but not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (20 CFR §§ 404.1520 and 416.920).

4. The claimant's allegations concerning his inability to work are less than fully credible.

5. The claimant has retained the residual functional capacity to perform light work, as defined in the regulations, with restrictions that require no more than occasional balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes or scaffolds; a sit/stand option with sitting for up to one hour alternating with standing for up to one hour. (20 CFR §§ 404.1545 and 416.945).

6.   The claimant is unable to return to his past relevant work as a hair stylist. (20 CFR §§ 404.1565 and 416.965).

7.   The claimant is 40 years of age, which is defined as a "younger individual." (20 CFR §§ 404.1563 and 416.963).

8.   The claimant has a "limited" education. (20 CFR §§ 404.1564 and 416.964.

9.   The claimant's acquired skills from past relevant work are not transferable to other work. (20 CFR §§ 404.1568 and 416.968).

10.  The claimant has the residual functional capacity to perform a significant range of light work. (20 CFR §§ 404.1567 and 416.967).

11.  Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision making, there are a significant number of jobs in the national economy that he could perform. Examples include the light, unskilled jobs of information clerk, shipping/receiving clerk, and general office clerk, with over 221,000 such jobs in the national economy.

12.  The claimant was not under a "disability," as defined in the Social Security Act and regulations, at any time through the date of this decision. (20 CFR §§ 404.1520 and 416.920).

The plaintiff was 40 years old at the time of the ALJ's decision. He attended high school, plus one year of college, and has past relevant work experience as a hairstylist. He alleges disability due to spinal cord injury with possible nerve damage, leg problems, bladder problems, and a broken right foot.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than

3

a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation on June 14, 2006 recommending that the Commissioner's decision be affirmed and submitting that the ALJ's findings are supported by substantial evidence. Because the Report provides specific details of the facts in this case, such will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on June 14, 2006. As of the date of this order, neither party has filed objections to the Report.

Having reviewed the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Magistrate Judge's recommendation proper. The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision was based upon substantial evidence. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

                                            Joseph F. Anderson, Jr.
                                            United States District Judge

July 14, 2006
Columbia, South Carolina